**MEGAN L. DISHONG**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 829-3323**
**Fax: (406) 542-1476**
**E-mail: megan.dishong@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CV** |
| **Plaintiff,** | |
| **vs.** | **COMPLAINT** |
| **CORY LEE PICKENS, M.D.** | |
| **Defendant.** | |

Plaintiff United States of America ("United States"), on behalf of the Department of Health and Human Services ("HHS"), alleges against the defendant as follows:

## JURISDICTION and VENUE

1. This action arises under the False Claims Act, as amended, 31 U.S.C. § 3729 - 3733 (1982 and Supp. 1990).

2. Subject matter jurisdiction over this action arises under 28 U.S.C. § 1345, 31 U.S.C. § 3730(a).

3. Venue is proper in the District of Montana pursuant to 31 U.S.C. § 3732(a) because the defendant may be found, resides, or transacts business in this district, acts proscribed by 31 U.S.C. §3729 occurred in this district.

## THE PARTIES

4. Plaintiff is the United States on behalf of the Department of Health and Human Services and the Medical Assistance Program ("Medicaid") in Montana under Title XIX of the Social Security Act.

5. Defendant Cory Lee Pickens, M.D. (Pickens) is a medical doctor who is board certified in anesthesiology and resides in Billings, Montana.

## THE MEDICAID PROGRAM

6. Medicaid is a federally assisted grant program which enables the states to provide medical assistance and related services to needy individuals. Within broad federal rules, each state decides who is eligible for Medicaid, the services covered, payment levels for services, and administrative procedures. The state directly pays providers, with the state obtaining the federal share of the payment

from accounts which draw on funds of the United States Treasury. 42 C.F.R. § 430.0.

7. The State of Montana, through the Montana Department of Health and Human Services ("DPHHS"), participates in the Medicaid program. DPHHS receives approximately 65% of its Medicaid funds from the federal government.

8. At all times relevant to this Complaint, the United States provided funds to DPHHS through the Medicaid program, pursuant to Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 et seq. Enrolled providers of medical services to Medicaid recipients are eligible for reimbursement for covered medical services under the provisions of Title XIX of the 1965 Amendments to the federal Social Security Act.

9. By becoming a participating provider in Medicaid, enrolled providers agree to abide by the rules, regulations, policies and procedures governing reimbursement, and to keep and allow access to records and information as required by Medicaid. In order to receive Medicaid funds, enrolled providers, together with authorized agents, employees, and contractors, are required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and all applicable policies and procedures issued by DPHHS.

10. In order to receive reimbursements from Medicaid, a provider must have a valid provider number that is listed on all claims submitted to Medicaid for

reimbursement. Medicaid rules require that any provider cannot bill for services under another provider's number, and a provider who is excluded is not permitted to submit claims for services via another enrolled provider.

## PICKENS' EXCLUSION FROM MEDICAID

11. On July 14, 2010, Pickens pled guilty in United States District Court for the District of Montana to one felony count of prescription fraud in violation of 21 U.S.C. § 843(a)(3) in *United States v. Pickens*, CR 10-96-BLG-RFC.

12. On March 7, 2011, United States District Judge Richard F. Cebull sentenced Pickens to three years of probation, a fine of $2,500, and an assessment of $100.

13. As a result of his conviction, Pickens was excluded from participation in federal health care programs under 42 U.S.C. § 1320a-7(a)(4) for a minimum of five years. This means that he could not derive any salary or benefits for services he rendered from any federal program during the term of the exclusion.

14. HHS notified Pickens of his exclusion by letter dated August 31, 2011; his name was added to the List of Excluded Individuals and Entities (LEIE) maintained by the Department of Health and Human Services, Office of Inspector General (OIG). The LEIE is a publicly-available website which employers can consult for background information on prospective employees. A true and correct copy of the letter is attached as Exhibit A.

15. On October 15, 2011, Pickens appealed the exclusion and requested a hearing. The appeal was dismissed on March 26, 2012 by Administrative Law

Judge Keith W. Sickendick because Pickens failed to respond to the Inspector General's motion for summary judgment.

16.     Pickens also requested a waiver of exclusion, which was granted by letter dated November 15, 2011.   The waiver limited Pickens to practicing at Benefis Hospital in Great Falls, Montana, and specifically noted that he was not allowed to practice for any other employer in any other location.   A true and correct copy of the waiver letter is attached as Exhibit B.

### PICKENS PROVIDES MEDICAID SERVICES WHILE EXCLUDED

17.     In approximately October 2011, Winterholler Dentistry, P.C. in Billings, Montana and Morrison Family Dentistry, P.C. d/b/a Winterholler Dentistry in Laurel, Montana (collectively "Winterholler") contracted with Pickens to furnish sedation services for their patients.

18.     The owner of Winterholler, Dr. William B. Winterholler, confirmed with the Montana State Medicaid website that Pickens was a state provider. However, Dr. Winterholler did not check the LEIE, nor did Pickens tell him that Pickens was excluded.

19.     Pickens knew or should have known that Winterholler was providing services to patients enrolled in Medicaid and receiving reimbursements from Medicaid.

20.     In approximately October 2013, Dr. Winterholler learned from a third party that Pickens was excluded and confronted Pickens with this information.

Pickens told Dr. Winterholler that he had a waiver which allowed him to furnish the sedation services.

21. The Montana Medicaid office told Dr. Winterholler that Pickens was an approved state provider; however, in late October 2013 they notified Winterholler that Pickens was on the LEIE and that he had no waiver which would allow him to furnish sedation services to Winterholler's patients.

22. Winterholler then terminated its relationship with Pickens and disclosed the prohibited conduct to HHS on February 14, 2014, through the OIG's Self-Disclosure Protocol. Winterholler identified a total of $36,414.36 that was improperly paid by Medicaid for services to Winterholler patients. Winterholler agreed to repay the government $54,621.54 to settle the violation of 42 U.S.C. § 1320a-7a.

23. On March 27, 2013, Pickens began furnishing anesthesia services to a group of dental practices consisting of Remington Family Dental, PLLC; Hardin Family Dental, PLLC; and Rubicon Dental Associates, PLLC (collectively "Remington).

24. Pickens knew or should have known that Remington was providing services to patients enrolled in Medicaid and receiving reimbursements from Medicaid.

25. On or about October 11, 2013, a third party informed Remington that Pickens was an excluded provider. Remington then discovered that Pickens was on the LEIE.

26.     Remington terminated their relationship with Pickens in October 2013, and on March 3, 2014, they voluntarily disclosed to HHS the prohibited contractual relationship with Pickens through the OIG's Self-Disclosure Protocol. The amount paid by Medicaid to the Remington practices collectively was $16,386.62. Remington agreed to repay the government $24,579.93 to settle the violation of 42 U.S.C. § 1320a-7a.

27.     For both Winterholler and Remington, Pickens furnished the services through a business called Ambulatory Anesthesia Consultants in Billings, Montana. He provided a fee-for-service business and collected payment directly from the provider, rather than billing a private insurer or a federal program such as Medicaid.

28.     After Winterholler and Remington paid Pickens, they would then submit claims to Medicaid for eligible patients by submitting a claim that included the cost of the sedation services Pickens, as an excluded provider, had provided to patients.

## COUNT I: FALSE CLAIMS ACT, 31 U.S.C. § 3729(a), PRESENTING FALSE CLAIMS

29.     The foregoing paragraphs are incorporated herein by reference and realleged as if fully set forth.

30.     The activities of Defendant Pickens violate the False Claims Act in that:

   a.     He knowingly presented or caused to be presented to Medicaid false or fraudulent claims for payment, in violation of 31 U.S.C. § 3729(a)(1); and

b. He knowingly made, used, or caused to be made or used, false statements to get false or fraudulent claims paid by Medicaid, in violation of 31 U.S.C. § 3729(a)(2).

31. The claims and statements Pickens caused to be submitted on behalf of Winterholler and Remington were false and fraudulent in that Pickens was an excluded provider who was not eligible to receive any reimbursement from Medicaid.

32. The information that he was an excluded provider was material to the decision by Medicaid whether or not to pay the claims submitted on behalf of Winterholler and Remington.

33. The United States and other victims on whose behalf it is acting were damaged as a result.

WHEREFORE, Plaintiff United States of America demands judgment in its favor and against Defendant Cory Lee Pickens and relief as follows:

a. An amount equal to three times the actual value of the false or fraudulent claims submitted to Medicaid, plus a civil penalty of $5,500 to $11,000 per violation of 31 U.S.C. § 3729;

b. For the costs of this action and prejudgment interest; and

c. For such other and further relief to which the plaintiff may be entitled.

**DATED** this 21st day of September, 2016.

                                    **MICHAEL W. COTTER**
                                    **United States Attorney**


                                    **/s/MEGAN L. DISHONG**
                                    **Assistant U. S. Attorney**
                                    **Attorney for Plaintiff**