**MEGAN L. DISHONG**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 829-3323**
**Fax: (406) 542-1476**
**E-mail: megan.dishong@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**CORY LEE PICKENS,**<br><br>Defendant. | **CV 16-144-SPW-CSO**<br><br>**STATEMENT OF STIPULATED FACTS** |

Pursuant to Local Rule 16.2(b)(3), and this Court's order of October 24, 2016, the parties provide the following Statement of Stipulated Facts:

1.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 and 31 U.S.C. § 3730(a).

2. Venue is proper in the District of Montana pursuant to 31 U.S.C. § 3732(a) because the defendant may be found, resides, or transacts business in this district, acts proscribed by 31 U.S.C. §3729 occurred in this district.

3. Plaintiff is the United States on behalf of the Department of Health and Human Services and the Medical Assistance Program ("Medicaid") in Montana under Title XIX of the Social Security Act.

4. Defendant Cory Lee Pickens, M.D. (Pickens) is a medical doctor who is board certified in anesthesiology and resides in Billings, Montana.

5. Medicaid is a federally assisted grant program which enables the states to provide medical assistance and related services to needy individuals. Within broad federal rules, each state decides who is eligible for Medicaid, the services covered, payment levels for services, and administrative procedures. The state directly pays providers, with the state obtaining the federal share of the payment from accounts which draw on funds of the United States Treasury. 42 C.F.R. § 430.0.

6. The State of Montana, through the Montana Department of Health and Human Services ("DPHHS"), participates in the Medicaid program.

7. At all times relevant to this Complaint, the United States provided funds to DPHHS through the Medicaid program, pursuant to Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 et seq. Enrolled providers of medical services to Medicaid recipients are eligible for reimbursement for covered medical

services under the provisions of Title XIX of the 1965 Amendments to the federal Social Security Act.

8. By becoming a participating provider in Medicaid, enrolled providers agree to abide by the rules, regulations, policies and procedures governing reimbursement, and to keep and allow access to records and information as required by Medicaid.  In order to receive Medicaid funds, enrolled providers, together with authorized agents, employees, and contractors, are required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and all applicable policies and procedures issued by DPHHS.

9. On July 14, 2010, Pickens pled guilty in United States District Court for the District of Montana to one felony count of prescription fraud in violation of 21 U.S.C. § 843(a)(3) in United States v. Pickens, CR 10-96-BLG-RFC.

10. On March 7, 2011, United States District Judge Richard F. Cebull sentenced Pickens to three years of probation, a fine of $2,500, and an assessment of $100.

11. HHS notified Pickens of his exclusion by letter dated August 31, 2011; his name was added to the List of Excluded Individuals and Entities (LEIE) maintained by the Department of Health and Human Services, Office of Inspector General (OIG).  The LEIE is a publicly-available website which employers can consult for background information on prospective employees.  A true and correct copy of the letter is attached to the Complaint as Exhibit A.

12. On October 15, 2011, Pickens appealed the exclusion and requested a hearing. The appeal was dismissed on March 26, 2012 by Administrative Law Judge Keith W. Sickendick because Pickens failed to respond to the Inspector General's motion for summary judgment.

13. Pickens also requested a waiver of exclusion, which was granted by letter dated November 15, 2011. The waiver limited Pickens to practicing at Benefis Hospital in Great Falls, Montana, and specifically noted that he was not allowed to practice for any other employer in any other location. A true and correct copy of the waiver letter is attached to the Complaint as Exhibit B.

14. In approximately October 2011, Winterholler Dentistry, P.C. in Billings, Montana and Morrison Family Dentistry, P.C. d/b/a Winterholler Dentistry in Laurel, Montana (collectively "Winterholler") contracted with Pickens to furnish sedation services for their patients.

15. Pickens knew or should have known that Winterholler was providing services to patients enrolled in Medicaid and receiving reimbursements from Medicaid.

16. On March 27, 2013, Pickens began furnishing anesthesia services to a group of dental practices consisting of Remington Family Dental, PLLC; Hardin Family Dental, PLLC; and Rubicon Dental Associates, PLLC (collectively "Remington).

**DATED** this 22nd day of November, 2016.

**MICHAEL W. COTTER**
**United States Attorney**


**/s/ MEGAN L. DISHONG**
**Assistant U. S. Attorney**
**Attorney for Plaintiff**


**PARKER, HEITZ & COSGROVE, PLLC**
**401 N. 31st Street, Suite 805**
**P.O. Box 7212**
**Billings, Montana 59103-7212**

**By  /s/ Mark D. Parker**
   **Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2016, a copy of the foregoing document was served on the following persons by the following means:

```
 1-2   CM/ECF
 ____  Hand Delivery
 ____  U.S. Mail
 ____  Overnight Delivery Service
 ____  Fax
 ____  E-Mail
```

1. Clerk of Court

2. Mark D. Parker
PARKER, HEITZ & COSGROVE, PLLC
401 N. 31st Street, Suite 805
P.O. Box 7212
Billings, Montana 59103-7212
Ph: (406) 245-9991
Fax: (406) 245-0971
email: markdparker@parker-law.com

/s/ MEGAN L. DISHONG
Assistant U. S. Attorney
Attorney for Plaintiff